Giefen, J
The issue between the general creditors of the W. C. Retzsch Printing Company and F. W. & C. B. Sheridan is whether the title to á certain cutting machine had passed to said company prior to its assets being placed in the hands of a receiver. The contract was in writing, and provided for the exchange of this new machine for an old one and the payment of $800 by the Printing Company to F. W. & O. B. Sheridan — also that the company give to the Sheridans a chattel mortgage upon the new machine upon its arrival in Cincinnati. The new machine was billed from the Sheridan Iron Works, Champlain, New York, to F. W. & C. B. Sheridan, Cincinnati, Ohio. A representative of the Sheridans had, prior to the shipment, demanded a mortgage from the company, but was refused on the ground that it could not mortgage a thing not in its possession. The way-bill contained this direction “Notify W. C. Retzsch Printing Company”,through which the company obtained possession of the machine from the railroad company.
We hold that the execution and delivery of the chattel mortgage was a condition precedent to the delivery of possession or title to the machine, and that the direction to the carrier did not alone authorize delivery of possession, nor did such possession deprive the sellers of their title.
The creditors also object to the preference of the claim of the defendant. Charles O. Guy. The chattel mortgage securing the same was executed on the 4th day of December, 1895, and filed with the recorder of Hamilton county, Ohio, on the 22d of January, 1896, the same day of but before the appointment of the receiver. The consideration was money loaned by the mortgagee at New Lexington, Ohio, who intrusted the mortgage to his father-in-law, a stockholder in the insolvent, company, for the purpose of filing the same with the recorder of Hamilton county. The possession of the mortgage was retained and kept off of record by the father-in-law until January 22,. 1896, at the instance and request of W. C. Retzsch, the president of the company, and for the purpose of keeping it from the knowledge of other creditors, but without the knowledge or consent of the mortgagee. Although the statute declares a chattel mortgage void as against creditors unless filed “forthwith”,the decisions in this state have been to the effect only, that it is void as to creditors of the mortgagor who assert *632 their rights against the property before it is deposited with the recorder or township clerk. Wilson, Jr., v. Leslie, 20 Ohio, 161; Case v. Rothman, 42 Ohio St., 380.
■ Although the act of concealing the mortgage from other creditors was constructively fraudulent as to them, the fraud can not be charged against the mortgagee.
■“The rnle which prevents the agent or trustee from acting for himself in a matter where his interest would conflict with his duty, also prevents him from acting for another whose interest is adverse to that of the principal; and, in all cases where, without the assent of the principal, the agent has assumed to act in such double capacity, the principal may avoid the transaction, at his election. No question of its fairness or unfairness can be raised. The law holds it constructively fraudulent, and voidable at the election of the principal.” Rolling Stock Co. v. Railroad, 34 Ohio St., 450, at page 460.
Decree accordingly.
Judge Swing dissents from the decision as to the chattel mortgage.